UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  EDCV 21-1173-JAK (KS)                                      Date: July 21, 2021

Title  *Joshua D. Threlkeld v. Brian Cater*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### I.     Introduction

On July 14, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) According to the Petition, Petitioner is unsure of the date of his conviction and sentence, but he states that he was convicted in Riverside County Superior Court. (Petition at 2-3.) State court records[1] indicate that a Riverside County Superior Court jury convicted Petitioner in March 2012 of 80 violations of the California Penal Code ("Cal. Penal Code"), including kidnapping a child under the age of 14 (Cal. Penal Code § 207(b)), committing lewd acts on a child under the age of 14 (Cal. Penal Code § 288(a)), committing lewd acts on a child age 14 or 15 by a person 10 years older (Cal. Penal Code § 288(c)(1)), and, *inter alia*, contacting or communicating with a minor with the intent to commit a specified sex offense (Cal. Penal Code § 288.3(a)), and the jury also found true numerous sentencing enhancement allegations. *People v. Threlkeld*, No. G048937, 2014 WL 1271699, at *1-2 (Mar. 28, 2014). The California Court of Appeals observed that there were 41 children who were victims of Petitioner's crimes. *Id.* at *2. In April 2012, the trial court sentenced Petitioner to a total determinate term of 29 years and 8 months in state prison and a consecutive indeterminate term of 70 years to life in state prison. *Id.*

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1173-JAK (KS)                                              Date: July 21, 2021

Title   *Joshua D. Threlkeld v. Brian Cater*

    Petitioner appealed the superior court's decision. On March 28, 2014, the California Court of Appeal directed the trial court to dismiss one charge (count 72) and to stay punishment on 16 additional counts (counts 6, 7, 9, 10, 13, 14, 17, 21, 25, 29, 55, 64, 67, 70, 73, and 76) but affirmed the judgment in all other aspects. *Threlkeld*, 2014 WL 1271699, at *10. Petitioner did not file a Petition for Review with the California Supreme Court.

    According to the Petition and state court records, six years later, presumably several years after Petitioner's conviction and sentence was modified by the trial court pursuant to the California Court of Appeal's decision, Petitioner began filing habeas petitions in the California state courts. On December 4, 2020, he filed a habeas petition in Division 3 of the Fourth Appellate District of the California Court of Appeal, and the court of appeal denied the petition on December 30, 2020. *In re Joshua David Threlkeld on Habeas Corpus*, No. G059722 (Dec. 30, 2020), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 19, 2021). Petitioner then filed a habeas petition in the California Supreme Court on January 19, 2021, and the California Supreme Court denied the petition on June 9, 2021. *Threlkeld (Joshua D.) on H.C.*, No. S266699 (Jun. 9, 2021), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 19, 2021). Petitioner filed a second habeas petition in the California Supreme Court on May 12, 2021, which the court has yet to adjudicate. *See Threlkeld (Joshua D.) on H.C.*, No. S268753, *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 19, 2021).

    The Petition asserts one ground for federal habeas relief—that the state courts' failure to conduct a proportionality review of Petitioner's sentence violated his rights under the Due Process Clause of the Fourteenth Amendment. (Petition at 5.) Specifically, Petitioner states that "a defendant is entitled to 'intracase proportionality review' under the California Constitution upon request" and "the arbitrary deprivation of a purely state law entitlement violates the Due Process Clause." (Petition at "5-A" (CM/ECF Page ID 7).) Additionally, Petitioner states that the denial of a proportionality review also violated his rights under the Equal Protection Clause because he is similarly situated to defendants who received the review. (*Id.*)

    Petitioner acknowledges that the Petition may be "outside the AEDPA timeliness." (Petition at CM/ECF Page ID 2) (errors in original). However, he "invoke[s] the 'Miscarriage of Justice' exception to give this court jurisdiction to entertain the instant petition" and cites, for support, *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013). *Id.* (errors in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1173-JAK (KS)                               Date: July 21, 2021

Title   *Joshua D. Threlkeld v. Brian Cater*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely.  To discharge this Order and avoid dismissal, Petitioner, no later than August 20, 2021, must file a First Amended Petition that establishes that the Petition is timely and/or that Petitioner is entitled to statutory and/or equitable tolling for the untimely claims.**

**II.     The Petition is Facially Untimely**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1173-JAK (KS)                              Date: July 21, 2021

Title    *Joshua D. Threlkeld v. Brian Cater*

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed an alternative commencement date under Section 2244(d)(1).

According to the state courts, Petitioner was sentenced more than nine years ago, in April 2012. He was then, presumably, re-sentenced at some point after March 2014 in conformity with the California Court of Appeal's opinion on direct review. However, it appears that Petitioner did not commence filing any habeas petitions in the state courts until 2020—a full six years after the California Court of Appeal's decision. Accordingly, based on what little information can be gleaned from the Petition and the state courts' website, it appears that Petitioner's sentence became final at least five years before Petitioner delivered the Petition to prison officials for mailing. Therefore, the Petition is facially untimely and subject to dismissal. *See* Habeas Rule 4.

Petitioner also has not alleged that he is entitled to statutory tolling for properly filed habeas petitions in state court or to equitable tolling.[2] Instead, Petitioner invokes the United States Supreme Court's decision in *McQuiggin* in support of his view that the Petition should not be dismissed as untimely. In *McQuiggin*, the Supreme Court held that a habeas petitioner's "actual innocence, if proved, serves as a gateway through which [the] petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin*, 159 U.S. at 386. However, "tenable actual-innocence gateway pleas are rare," and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* In making this assessment, "the timing of the petition is a factor bearing

---

[2]   A habeas petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (emphasis added) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1173-JAK (KS)                                          Date: July 21, 2021

Title   *Joshua D. Threlkeld v. Brian Cater*

on the reliability of the evidence purporting to show actual innocence." *Id.* (internal quotation marks and citations omitted).

Petitioner, however, does not assert that he *is* actually innocent—much less proffer any support in support of such a claim. Instead, Petitioner's sole claim for habeas relief is that his constitutional rights were violated in connection with his sentence. Accordingly, Petitioner's citation to *McQuiggin* is unavailing and does nothing to support the timeliness of his claim(s) for federal habeas relief.

**III.   Conclusion and Order**

In sum, it plainly appears from the Petition and available state court records that Petitioner is not entitled to relief because the Petition is untimely. *See* Habeas Rule 4. Nevertheless, the Court grants Petitioner the opportunity to correct this defect by filing a First Amended Petition that establishes that the Petition is timely, *i.e.*, that Petitioner is entitled to an alternative commencement date of AEDPA's statute of limitations and/or to sufficient statutory and/or equitable tolling to render the Petition constructively filed within one year of the date on which his sentence became final.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than August 20, 2021, shall file a First Amended Petition that does all of the following:**

(1) **Identifies the date on which Petitioner was re-sentenced pursuant to the California Court of Appeal's March 2014 decision;**
(2) **Identifies any and all state habeas petitions that Petitioner filed in the state courts—and the dates on which they were filed and adjudicated—so as to support a reasonable inference that Petitioner may be entitled to statutory tolling;**
(3) **If relevant, explains how Petitioner diligently pursued his habeas claims but an extraordinary circumstance beyond his control prevented Petitioner from timely filing the instant Petition; and**
(4) **If relevant, explains why the Supreme Court's decision in *McQuiggin* should render the Petition timely.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1173-JAK (KS)                                              Date: July 21, 2021

Title        *Joshua D. Threlkeld v. Brian Cater*

     Alternatively, Petitioner may file a signed document entitled Notice of Voluntary Dismissal if he no longer wishes to proceed with this action.

     The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

     **IT IS SO ORDERED**.

                                                                                                      :

                                                            **Initials of Preparer**   gr